## CUYAHOGA COUNTY, AUGUST TERM, 1833.

### JUDGES—LANE AND WRIGHT.

---

### GROVER v. CLARK.

Factor—goods on hand—sold—money had and received.

A factor receiving goods for sale, is not liable for them as goods sold while they remain on hand—if sold the proceeds might be recovered in a count, for money had and received, deducting his charges; but if the goods have been exchanged for others by the owner's consent, that is not a sale for which he is so liable, while the goods received remain unsold.

Assumpsit for goods sold, &c. money paid, and had, and received. Plea, non assumpsit.

The plaintiff read a receipt, signed by the defendant, for 25½ kegs of tobacco, subject to the plaintiff's order—of which seven kegs were endorsed as returned; and he proved that in an attempt at a settlement, it was agreed that the tobacco was limited by the plaintiff to ten or twelve and a half cents per lb. The parties differed, and then Clark said the tobacco had been turned into fish, and he would pay when the fish were sold.

[Bliss *v.* Long.]

Defendant introduced a witness who testified—that fifteen kegs of the tobacco had been taken to Maumee with the plaintiff's consent, to exchange for fish, which were so exchanged, and the plaintiff received the other three kegs back again.

WRIGHT, J. to the jury. The tobacco was received by the defendant as the plaintiff's factor, and as such will not be liable until after *demand* and refusal. If the tobacco has been disposed of by plaintiffs order, or exchanged into other articles yet on hand, the defendant is not liable. If he has sold and converted the articles into cash, he may be held liable in this action for the proceeds, deducting his commission and charges.

Verdict and judgment for the defendant.